STATE OF WEST VIRGINIA

In Re: A.H.

No. 13-0524 (Mingo County 12-JA-76)

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother, by counsel Jerry M. Lyall, appeals the Circuit Court of Mingo County's April 25, 2013 order terminating her parental rights to A.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Diana Carter Wiedel, filed a response arguing that petitioner should have been entitled to an extension of her post-adjudicatory improvement period. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, the DHHR received a referral that the child, A.H., had possible injuries to her arm and that the parents had left the child with a family member without any diapers, clothes, or food. The referral also alleged substance abuse by the parents. Upon investigation, the DHHR observed the child in the custody of the maternal grandmother who stated that the parents had been intravenously injecting prescription medication and had been living with various family members because they had no home. After locating the parents, DHHR employees observed signs of intravenous drug use on their arms and the parents admitted to abusing prescription medication in the child's presence. In October of 2012, the DHHR received a second referral alleging that petitioner got into a physical altercation while holding the child in one hand and three hypodermic needles in the other. When DHHR employees arrived, petitioner denied having taken any drugs. However, she allowed the DHHR employees to count her prescription medications. Despite having filled a prescription for ninety Neurontin pills on October 17, 2012, only six pills remained.

On October 22, 2012, the DHHR filed its initial petition and a preliminary hearing was held three days later. In November of 2012, the circuit court held an adjudicatory hearing and found that the child was abused and neglected and that petitioner was an abusing parent. At a dispositional hearing in January of 2013, the circuit court granted petitioner's motion for a post-

1

adjudicatory improvement period and ordered petitioner to comply with all services previously ordered and to also complete a long-term inpatient substance abuse treatment program. In March of 2013, the circuit court held a review hearing and was presented with allegations from the DHHR that petitioner was non-compliant with the terms of her improvement period. The DHHR further recommended termination of petitioner's parental rights. On April 22, 2013, the circuit court held a dispositional hearing, after which it terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. While petitioner argues that her parental rights were terminated because she chose a methadone treatment program over a long-term inpatient treatment program, the record does not support her argument. Conversely, the circuit court had ample evidence upon which to base termination of petitioner's parental rights.

During the dispositional hearing, the circuit court was presented with evidence that petitioner failed to attend a long-term inpatient treatment program as directed, despite an available bed. Additionally, the DHHR established that petitioner was continuing to use drugs, as evidenced by fresh signs of intravenous drug use and positive drug screens. Further, the DHHR could not establish whether petitioner had completed her methadone treatment. However, it was noted that petitioner had tested positive for both methadone and Suboxone, despite the fact that her treatment facility does not provide patients with both drugs. In response, petitioner testified that she was unable to explain why she tested positive for both methadone and Suboxone, as well as cocaine. Lastly, it was also established that petitioner was spending weekends at the home of a registered sex offender, despite instruction from the DHHR that her child should not be around this individual.

2

In reaching termination of parental rights, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future and that termination was in the child's best interest. As set forth in West Virginia Code § 49-6-5(b)(1) and (3), such conditions exist in situations where an abusing parent has habitually abused controlled substances or drugs to the point that parenting abilities are impaired and when a parent has failed to follow through with a family case plan or other rehabilitative efforts designed to reduce or prevent abuse. Upon our review, the Court finds no error in the circuit court's findings, as the same were supported by substantial evidence, which includes petitioner's continued drug abuse and failure to complete a rehabilitation program. Further, it is clear that the type of rehabilitation program petitioner chose was not a basis for termination of her parental rights, but rather the fact that she failed to complete any program whatsoever. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are instructed to terminate parental rights upon these findings.

Finally, the record shows that petitioner failed to acknowledge the underlying conditions of abuse or neglect by failing to fully admit to her drug abuse, instead choosing to deny having abused certain substances for which she tested positive. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While petitioner did admit to some aspects of her drug abuse, it is clear that she failed to fully acknowledge the problem. As such, it was not error for the circuit court to proceed to termination instead of considering a less restrictive dispositional option, such as an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 25, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3